David R. JONES, Plaintiff–Appellant,

v.

Bill MARTIN, Director, Michigan Department of Corrections, et al., Defendants–Appellees.

No. 00–1849.

United States Court of Appeals, Sixth Circuit.

May 8, 2001.

Before JONES and DAUGHTREY, Circuit Judges; ECONOMUS, District Judge.*

* The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.

## ORDER

David R. Jones, a Michigan prisoner proceeding pro se, appeals a district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Jones sued Bill Martin, the Director of the Michigan Department of Corrections ("MDOC"); Dr. Richard Huff, a physician employed by the MDOC; Gerald DeVoss, the regional administrator for the central region health care services; Darrel Opicka, medical director; and unidentified individuals. Jones alleged that the defendants: (1) were deliberately indifferent to his serious medical needs when they failed to refill his blood pressure prescription on two occasions and denied him medical treatment for rectal bleeding; and (2) retaliated against him for filing grievances against Dr. Huff by denying him treatment for rectal bleeding. Opicka and the unnamed defendants were not served. In a report dated May 23, 2000, the magistrate judge recommended dismissing the complaint against Martin and DeVoss for failure to state a claim and granting summary judgment to Dr. Huff. The district court adopted the magistrate judge's report over Jones's objections and denied Jones's motion for relief from judgment.

In his timely appeal, Jones argues that: (1) Martin is liable as the final policy maker for the MDOC; (2) the defendants maintained a custom of denying medical care, rendering them directly liable to Jones; (3) he established an Eighth Amendment claim of deliberate indifference to medical needs; (4) he established a First Amendment claim of retaliation; (5) the district court erred by dismissing his motion for the appointment of counsel as moot; and (6) the district court erred by dismissing his motion for relief from judgment.

Upon de novo review, we first conclude that the district court properly dismissed Jones's complaint against Martin and DeVoss for failure to state a claim. *See Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir.1998). As explained below, Jones did not establish any misconduct. Thus, Martin and DeVoss cannot be liable to Jones for their supervisory roles. *See Taylor v. Mich. Dep't of Corr.* 69 F.3d 76, 80–81 (6th Cir.1995). Accepting all of Jones's factual allegations as true, he can prove no set of facts in support of his claim against these defendants which would entitle him to relief. *See Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996).

■ Jones's argument that Martin and DeVoss are liable because the MDOC has a custom and policy of interfering with prisoners' medical care is misplaced. Although a governmental entity can be held responsible for a constitutional deprivation if there is a direct causal link between the policy or custom of the department and the constitutional deprivation, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), Jones sued individuals, not the MDOC. His allegations about custom and policy do not state a claim against Martin and DeVoss individually.

■ We further conclude that the district court properly granted summary judgment to the defendants on Jones's Eighth Amendment claim. *See Smith v. Ameritech*, 129 F.3d 857, 863 (6th Cir. 1997). Jones's complaint involves two medical conditions. He alleged that he suffered black-outs as a result of running out of his blood pressure medicine, and that he suffered from rectal bleeding for

two years before he received treatment. Although there was a lapse in Jones's medication, he did not establish that Dr. Huff intentionally denied him the blood pressure medicine. *See Estelle v. Gamble,* 429 U.S. 97, 104–05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Nor did Jones establish that Dr. Huff intentionally delayed treating Jones's rectal bleeding. Indeed, Dr. Huff identified the problem before Jones filed any health care requests about the condition, and tried to ensure that Jones received a necessary rectal examination before Jones was transferred to another facility. At worst, Dr. Huff may have been negligent for not noticing Jones's problem when he first reviewed Jones's file. However, allegations of inadvertent failure to provide adequate medical care fail to state an Eighth Amendment cause of action. *See Farmer v. Brennan,* 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Estelle,* 429 U.S. at 105, 97 S.Ct. 285. Dr. Huff was entitled to a judgment as a matter of law because Jones did not present evidence on which s jury could reasonably find for him. *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Next, we conclude that the district court properly granted summary judgment to Dr. Huff on Jones's retaliation claim. *See Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999) (en banc). As the district court held, because Jones failed to establish that Dr. Huff denied Jones treatment for his rectal bleeding, he also failed to establish that Dr. Huff retaliated against him for threatening to sue the doctor.

■ Jones's argument that the district court erred by dismissing his motion for the appointment of counsel as moot is without merit. The district court did not abuse its discretion because Jones's chances of success were slim. *See Lavado*

*v. Keohane,* 992 F.2d 601, 604–05 (6th Cir. 1993).

Finally, we conclude that the district court did not abuse its discretion when the court denied Jones's motion for relief from judgment. *See Good v. Ohio Edison Co.,* 149 F.3d 413, 423 (6th Cir.1998). The evidence Jones presented was neither material nor newly discovered.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.